IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

LORA HARTMAN,                    )
                                 )
        Plaintiff,               )
                                 )
        v.                       )    1:13cv1432(JCC/TRJ)
                                 )
PROSPECT MORTGAGE, LLC,          )
                                 )
        Defendant.               )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Prospect Mortgage, LLC's ("Defendant" or "Prospect") Motion for Summary Judgment. [Dkt. 6.] For the following reasons, the Court will grant Defendant's Motion for Summary Judgment and dismiss this action with prejudice.

**I.  Background**

Prospect is a California corporation that offers consumer lending products. (Second Am. Compl. ¶ 9.) Plaintiff Lora Hartman ("Plaintiff") worked as a mortgage loan officer at Prospect from October 19, 2009, until July 14, 2010. (Second Am. Compl. ¶ 3; Joint Statement of Facts ¶ 3.)

In October 2010, several former mortgage loan officers filed a collective action against Prospect under the Fair Labor Standards Act ("FLSA"). *See Sliger v. Prospect Mortg., LLC.,* No. CIV. S-11-465 LKK/EFB, 2011 WL 3747947, at *1 (E.D. Cal.

1

Aug. 24, 2011). Plaintiffs alleged that Prospect "misclassified them as exempt employees under the FLSA, and therefore improperly failed to pay them minimum wage and overtime." *Id.* at *2. Plaintiff opted-in to the *Sliger* matter on August 26, 2011. (Second Am. Compl. ¶ 13.)

On January 23, 2013, the *Sliger* action decertified and Plaintiff was removed from the case. (*Id.* ¶ 19.) Consequently, Plaintiff filed this case against Prospect alleging analogous violations of the FLSA.[1] Plaintiff avers that Defendant wrongfully classified her as an exempt employee, resulting in lost minimum wage and overtime compensation. (Second Am. Compl. ¶¶ 23-33.)

Defendant has now moved for summary judgment. (Def.'s Mot. for Summ. J. at 1.) Defendant first contends that Plaintiff is exempt from the FLSA's overtime and minimum wage requirements under the statute's "outside sales exemption," which provides that employers are relieved of these obligations for employees engaged "in the capacity of outside salesman." (Def.'s Mem. in Support at 6 (citing 29 U.S.C. § 213 (a)(1)).) In support of this position, Defendant points to Plaintiff's employment contract, which provides that her primary duty was to

---

[1] This lawsuit was initially filed as a joint action by several former loan officers based in Virginia. (Compl. ¶¶ 1-9.) On November 21, 2013, this Court granted Prospect's Motion to Sever and ordered the case to proceed as six separate actions. Consequently, Plaintiff is the only litigant in the above captioned case.

sell mortgages away from Prospect's office.  (*Id.* at 7.)
Defendant has also produced testimony that Plaintiff regularly
engaged in sales work away from the workplace.  (*Id.* at 8-9.)
Thus, concludes Defendant, Plaintiff was properly classified as
exempt under the FLSA.  (*Id.*)

Defendant separately argues that Plaintiff's FLSA
claims are barred on account of her failure to disclose them in
her 2011 bankruptcy proceeding.  (Def.'s Mem. in Support at 12-
17.)  According to Defendant, "[c]ourts within the Fourth
Circuit have explicitly held that a plaintiff's failure to list
a claim on his or her bankruptcy schedule of assets, either
initially or through an amendment, judicially estops the
plaintiff from pursuing such undisclosed claims in a lawsuit."
(*Id.* at 4.)

On December 26, 2013, Plaintiff filed an opposition.
(Pl.'s Opp'n at 1.)  First, Plaintiff disputes her
classification as an exempt employee.  According to Plaintiff,
the evidence shows that she performed the vast majority of her
work inside of Defendant's office and "did not customarily and
regularly make outside sales to borrowers."  (*Id.* at 17-18.)
Thus, surmises Plaintiff, the outside sales exemption is
inapplicable.  (*Id.*)  Second, Plaintiff claims that the doctrine
of judicial estoppel is unsuitable because her bankruptcy case

remains pending and she is in the process of disclosing her

claims to the bankruptcy court.  (*Id.* at 21-23.)

Defendant's Motion for Summary Judgment is now before

the Court.

## II.  Standard of Review

Summary judgment is appropriate only if the record

shows "that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett,* 477

U.S. 317, 322-23 (1986).  The moving party always bears the

initial burden of "informing the district court of the basis for

its motion," and identifying the matter "it believes

demonstrate[s] the absence of a genuine issue of material fact."

*Celotex,* 477 U.S. at 323.  "A material fact is one 'that might

affect the outcome of the suit under the governing law.'  A

disputed fact presents a genuine issue 'if the evidence is such

that a reasonable jury could return a verdict for the non-moving

party.'"  *Spriggs v. Diamond Auto Glass,* 242 F.3d 179, 183 (4th

Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S.

242, 248 (1986)).

Once the movant has met the initial burden, "the non-

moving party 'may not rest upon mere allegation or denials of

his pleading, but must set forth specific facts showing that

there is a genuine issue for trial.'"  *Hughes v. Bedsole,* 48

4

F.3d 1376, 1381 (4th Cir. 1995) (quoting *Anderson,* 477 U.S. at
256).  This is particularly important where the opposing party
bears the burden of proof.  *Hughes,* 48 F.3d at 1381.  If the
evidence is merely colorable, or is not significantly probative,
summary judgment may be granted.  *Anderson,* 477 U.S. at 249-50.
The mere existence of a scintilla of evidence is insufficient;
there must be evidence on which the jury could reasonably find
for the non-moving party.  *Id.* at 252.  The judge's inquiry,
therefore, unavoidably asks whether reasonable jurors could find
by a preponderance of the evidence that the opposing party is
entitled to a verdict.

In reviewing the record on summary judgment, the Court
"must draw any inferences in the light most favorable to the
non-movant" and "determine whether the record taken as a whole
could lead a reasonable trier of fact to find for the non-
movant."  *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253,
1259 (4th Cir. 1991) (citations omitted).  "[A]t the summary
judgment stage the judge's function is not himself to weigh the
evidence and determine the truth of the matter but to determine
whether there is a genuine issue for trial."  *Anderson,* 477 U.S.
at 249.

### III.  Analysis

The Court will first address Prospect's argument regarding the outside sales exemption because this issue is dispositive of the instant motion.

The FLSA requires an employer to pay minimum wage and overtime compensation to employees who work more than forty hours per week.  *See* 29 U.S.C. §§ 206(a)(1), 207(a)(1). Nevertheless, workers employed as "outsides salespersons" are exempt from these requirements.  *See* 29 U.S.C. § 213(a)(1). Such a person is defined as an employee:

> (1) Whose primary duty is:
>
>> (i) making sales . . ., or
>>
>> (ii) obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and
>
> (2) Who is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty.

29 C.F.R. § 541.500(a).[2]

As evident from this language, the outside sales exemption contains two prongs.  For purposes of the primary duty prong, the FLSA defines "sale" or "sell" to include "any sale,

---

[2]  Although federal regulations are not binding in the same way as federal statutes, they are to be given controlling weight unless found to be arbitrary, capricious, or contrary to the statute.  *See Patel v. Napolitano*, 706 F.3d 370, 373 (4th Cir. 2013).  In this case, neither party argues that any of the applicable regulations are arbitrary or contrary to the FLSA's intent.  Accordingly, the Court will give the cited regulations appropriate deference.

exchange, contract to sell, consignment for sale, shipment for sale, or other disposition."  29 U.S.C. § 203(k).  Furthermore, the "term 'primary duty' means the principal, main, major or most important duty that the employee performs."  29 C.F.R. § 541.700(a).  The regulations indicate that the amount of time spent performing exempt sales work is useful, but not dispositive, in resolving an employee's "primary duty."  *Id.* Determining an employee's primary duty requires consideration of all of the facts in a specific case, "with the major emphasis on the character of the employee's job as a whole."  *Id.* Importantly, in resolving "the primary duty of an outside sales employee, work performed incidental to and in conjunction with the employee's own outside sales or solicitations, including incidental deliveries and collections, shall be regarded as exempt outside sales work."  29 C.F.R. § 541.500(b).

As for the second prong, "the phrase 'customarily and regularly' means a frequency that must be greater than occasional but which, of course, may be less than constant."  29 C.F.R. § 541.701.  This includes "work normally and recurrently performed every workweek," but does not embrace "isolated or one-time tasks."  *Id.*  The phrase "away from the employer's place of business" is addressed in another regulation, which provides:

7

> An outside sales employee must be customarily and regularly engaged "away from the employer's place or places of business." The outside sales employee is an employee who makes sales at the customer's place of business or, if selling door-to-door, at the customer's home. Outside sales does not include sales made by mail, telephone or the Internet unless such contact is used merely as an adjunct to personal calls. Thus, any fixed site, whether home or office, used by a salesperson as a headquarters or for telephonic solicitation of sales is considered one of the employer's places of business[.]

*See* 29 C.F.R. § 541.502. A separate regulation clarifies that "promotional work that is actually performed incidental to and in conjunction with an employee's own outside sales or solicitations is exempt work." 29 C.F.R. § 541.503(a)

The Department of Labor ("DOL") has concluded that selling or sales related activity outside the office "one or two hours a day, one or two times a week" is sufficient to satisfy the second element. *See* DOL Wage Hour Op. Ltr. No. FLSA2007-2 (Jan. 25, 2007).[3]

Because the outside sales exemption is an affirmative defense, the defendant bears the burden of establishing its application. *See Speert v. Proficio Mortg. Ventures, LLC,* No. JKB-10-718, 2011 WL 2417133, at *6 (D. Md. June 11, 2011). Moreover, because the FLSA is a remedial act, its exemptions are

---

[3]   DOL opinion letters are not binding on courts, but "constitute a body of experience and informed judgment" that are given "substantial weight." *Flood v. New Hanover Cnty.,* 125 F.3d 249, 253 (4th Cir. 1997).

narrowly construed.  *See Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960) ("We have held that these exemptions are to be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit.").

Properly synthesized, the above regulations provide that where an employee's primary duty is sales, the employee is accurately classified as exempt if he or she performs such primary duty away from a fixed site, and performs such duty, including any incidental promotional work, on a greater than occasional basis.  *See, e.g., Olivo v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545, 550-51 (E.D. Mich. 2004).  As discussed below, Defendant points to substantial evidence in the record (mostly from Plaintiff's own deposition testimony) demonstrating that Plaintiff meets this standard.

There can be little doubt that Defendant has satisfied the first prong.  The record amply demonstrates that Plaintiff's primary duty was to make sales.  In both her pleadings and deposition testimony, Plaintiff admitted that she was responsible for selling mortgage loans.  (Second Am. Compl. ¶ 29; Hartman Dep. 110:12-14.)  Plaintiff's employment contract also provides that her primary duty was to sell mortgages away from Prospect's office.  (Hartman Dep. 99:11-17.)  Furthermore, Plaintiff's compensation was tied solely to her volume of sales,

and she had significant independence in dictating her schedule. (*Id.* at 198:9-11.)  This evidence compels the conclusion that Plaintiff's primary duty involved sales within the meaning of the exemption.  *See Olivo,* 374 F. Supp. 2d at 550 (in determining whether an employee is an outside salesperson, "[c]ourts have considered whether the employee: (1) must solicit new business; (2) receives sales training; (3) was hired and denominated as a salesman; (4) was paid on a commission basis; (5) was required to meet minimum production standards; and (6) was subject to direct or constant supervision" (citations omitted)); *see also* DOL Wage Hour Op. Ltr. No. FLSA2006-11 (Mar. 31, 2006) (concluding that mortgage loan officers who sell mortgage loan packages fulfill the sales requirement of the exemption).

While the record is less definitive regarding the second prong, the Court is convinced that Plaintiff customarily and regularly engaged in sales activities away from Prospect's office within the meaning of the exemption.

The phrase "customarily and regularly" is not a majority of the time test.  *See, e.g., Lint v. Nw. Mut. Life Ins. Co.,* No. 09CV1373, 2010 WL 4809604, at *3 (S.D. Cal. Nov. 19, 2010) (finding that spending ten to twenty percent of the time outside of the office engaged in sales activity is sufficient).  "The DOL [has] likewise confirmed that selling or

10

sales related activity outside the office 'one or two hours a day, one or two times a week' satisfie[s] the test for the exemption." *Taylor v. Waddell & Reed, Inc.*, No. 09cv2909, 2012 WL 10669, at *3 (S.D. Cal. Jan. 3, 2012) (citation omitted).

In this case, Plaintiff's deposition testimony illustrates that she engaged in sales-related activities away from Prospect's office on a regular basis.  Plaintiff testified that she spent approximately twenty-five to thirty percent of her typical week outside of the office making contacts to bring in business.  (Hartman Dep. 18:1-17.)  Her undertakings included attending open houses, auctions, closings, settlements, and chamber of commerce meetings.  (*Id.* at 110:15-112:19.)  In conjunction with these efforts, Plaintiff spent several hours per month creating marketing materials.  (*Id.* at 168:1-15.)  Plaintiff also met with other professionals to help generate more business.  (*Id.* at 112:11-19.)  Although her outside work was not constant, it is sufficient to satisfy the exemption. *See Lint*, 2010 WL 4809604, at *3.  Indeed, the DOL has concluded that the exemption applies to mortgage officers performing similar duties to Plaintiff.  *See* DOL Wage Hour Op. Ltr. No. FLSA2006-11.

In an attempt to create an issue of material fact, counsel contends that Plaintiff was "confused about the entire line of questioning" when she answered that she spent twenty-

five to thirty percent of her time outside of the office making

contacts and engaging in promotional work.  (Pl.'s Opp'n at 9.)

The Court is unpersuaded by this argument.  The applicable

portions of Plaintiff's deposition read as follows:

> Q   And how much time do you think you
> spent a week making contacts outside of the
> office?
>
> A   How much time I was outside the office?
> Maybe 25 percent of the time, maybe 30.
>
> Q   Twenty-Five to 30 percent - -
>
> A   Yeah.
>
> Q   - - of the time?
>
> A   Uh-huh.

(Hartman Dep. 18:9-17.)  Nothing from this discourse suggests to

the Court that Plaintiff misinterpreted counsel's questions or

gave a mistaken answer.[4]

Plaintiff further argues that the exemption is

inapplicable because there is no evidence that she made a single

sale to a borrower at his or her home or place of business.

(Pl.'s Opp'n at 18.)  Plaintiff suggests that "loan officers

only qualify for the outside sales exemption when they

customarily and regularly make sales to borrowers at the

---

[4]  Plaintiff has submitted a declaration that appears to contest portions of
her earlier testimony regarding her outside sales activities.  (Pl.'s Opp'n,
Ex. A.)  Because this declaration is clearly self-serving, the Court finds it
insufficient to create a genuine question of material fact sufficient to
defeat summary judgment.  *See Nat'l Enters., Inc. v. Barnes*, 201 F.3d 331,
335 (4th Cir. 2000) (finding self-serving affidavit insufficient to survive
summary judgment).

borrowers' homes or places of business." (*Id.* at 17-18.) This narrow interpretation, however, is unsupported by any authority and has been rejected by other district courts. *See Taylor*, 2012 WL 10669, at *4 ("Because [plaintiffs] conducted substantial incidental work and solicitations outside of the office, it does not matter that the actual moment of sale occurred inside the [defendant's] office."); *see also Tracy v. NVR, Inc.*, 559 F. Supp. 2d 359, 363-64 (W.D.N.Y. 2009). The regulations simply do not limit application of the outside sales exemption to those employees that consummate sales at a client's home or place of business. *See* DOL Wage Hour Op. Ltr. No. FLSA2006-11 ("[W]hether 'sales force' loan officers are 'customarily and regularly engaged away from the employer's place of business' depends on the extent to which they engage in sales *or solicitations*, *or related activities*, outside of the employer's place or places of business." (emphasis added)).

Plaintiff further asks the Court to disregard her various outside activities because she considers these actions non-exempt "promotional work." (Pl.'s Opp'n at 18.) According to Plaintiff, "outside promotion work is only relevant to the exemption analysis if it relates to an employee's own outside sales," and here, there is no evidence tying her activities to outside sales. (*Id.*) This argument is unpersuasive because the exemption plainly covers outside promotional work irrespective

if the efforts result in actual sales.  *See Taylor*, 2012 WL 10669, at *4 ("[T]he exemption includes not only the sales work itself, but also any 'work performed incidental to and in conjunction with the employee's own outside sales *or solicitations.*'" (citing 29 C.F.R. ¶ 541.500(b) (emphasis in original)); 29 C.F.R. § 541.503 ("Promotional work that is actually performed incidental to and in conjunction with an employee's own outside sales or solicitations is exempt work."). As evident from this language, promotional work is exempt if it is in conjunction with outside sales *or* solicitations, the latter being applicable here.  Plaintiff's description of her activities outside of the office confirms that her outside time was used to network and solicit business.  (Def.'s Mem. in Support at 5, 9.)  Accordingly, Plaintiff's self-labeled promotional work is properly categorized as exempt sales activity.  *See* 29 C.F.R. § 541.503; *see also Wong v. HSBC Mortg. Corp.,* 749 F. Supp. 2d 1009, 1013 (N.D. Cal. Sept. 29, 2010) ("Making sales, however, is not an activity that necessarily occurs at one time and/or in one location, but, rather, may comprise a number of component activities.  Where some of those component activities take place at a fixed site and others take place outside of a fixed site, the employee is properly classified as an outside sales employee if the activities occurring outside of the office are critical to the sales

14

process and occur on a customary and regular basis." (citation and internal quotation marks omitted)).

Finally, none of the cases cited by Plaintiff convince the Court that the exemption is unfitting here. (Pl.'s Opp'n at 19.)  Indeed, a majority of these decisions analyze prior regulations that differ significantly from the current exemption. *See, e.g., McLaughlin v. Murphy*, 463 F. Supp. 2d 732 (D. Md. 2005).

Having found Plaintiff's arguments unconvincing, the Court concludes that Defendant has established both prongs of the outside salesperson exemption.  A review of the evidence confirms that there are no disputed material facts that could affect whether Plaintiff should be seen as exempt.  In other words, no rational trier of fact could find that Plaintiff falls outside the exemption based on the evidence presented. Consequently, Plaintiff's FLSA claims fail as a matter of law and the Court will grant Defendant's Motion for Summary Judgment on this ground.[5]

---

[5]  The Court need not address Prospect's alternative argument regarding the doctrine of judicial estoppel given the above holding is dispositive. *See, e.g., Kalos v. Posner,* No. 1:13cv73, 2011 WL 761240, at *3 n.11 (E.D. Va. Feb. 23, 2011) (declining to address alternative argument where previous point was conclusive).

## IV. Conclusion

For the foregoing reasons, the Court will grant

Defendant's Motion for Summary Judgment.  An appropriate Order

will issue.

/s/

_____

James C. Cacheris

January 7, 2014

Alexandria, Virginia          UNITED STATES DISTRICT COURT JUDGE

16